

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Affirmed by _C-338_

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-1187
> Re: Under S. B. No. 402,
> Acts, Regular Session,
> 46th Legislature may
> the taxpayer receive
> the discount allowed
> thereby for prompt pay-
> ment of his State and
> county ad valorem taxes
> in the event he elects to
> pay such taxes on the
> split-payment plan.

Under date of July 25, 1939, you submit for the opinion of this Department the following question, which we quote from your letter:

"I will thank you to refer to Senate Bill No. 402, Acts of the Regular Session of the Forty-Sixth Legislature, and advise this department whether the taxpayer may receive the privileges of this discount on the last one-half of his taxes paid in the event he elects the split payment plan.

"In this connection I call your attention to Section 1, the last clause of which reads, as follows: '. . . but in no event shall the same apply to split payment of taxes.' I also call your attention to Subsection (c) of Section 3."

Hon. Geo. H. Sheppard, Page 2

Section 3 of the Act under consideration is amendatory of Article 7336, Vernon's Revised Civil Statutes of 1936, being the statute allowing the payment of all taxes owing to the State and the various counties and political subdivisions thereof upon the split-payment plan. The apparent purpose of this amendment is to incorporate into this statute the benefits of the discount for prompt payment of taxes, fixed and allowed by Section 1 of the amending act, being Senate Bill No. 402, Acts, Regular Session, 46th Legislature. Subsection (c) of Section 3 accomplishes this purpose by allowing the benefits of this discount upon the last half of such payment under the split-payment plan but not upon the first half, in the following language:

"(c) If one-half (1/2) of such ad valorem taxes have been paid on or before November thirtieth of the year in which the same are assessed, the discounts herein provided for shall be effective and shall apply to the last half of the ad valorem taxes if said ninety (90), and thirty (30) days respectively, prior to the first day of July, when the same become delinquent as herein provided; but such discount shall not apply to the first half of such taxes if the same have been paid on or before November thirtieth of the year in which such assessment is made."

But you point out the following confusing and conflicting language in the last clause of Section 1 of the Act involved:

". . . Provided, however, that the provisions of this section shall not apply to water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns and independent school districts unless and until the governing body of such water improvement districts, irrigation districts, levee districts, water control districts, and other governmental subdivisions, cities, towns, or independent school districts by ordinance, resolution or order, shall adopt the provisions hereof; and in the event any such water improvement district, irrigation district, levee district, water control district, and other governmental subdivisions, city, town or independent school district elects to allow such discounts,

Hon. Geo. H. Sheppard, Page 3

then the governing body of each water improvement
district, irrigation district, levee district, water
control district, and other governmental subdivisions, city,
town or independent school district, shall have power,
by the ordinance, resolution or order levying the annual
taxes, to designate the months in which such discounts
of three (3%) per cent, two (2%) per cent, and one (1%)
per cent respectively shall be allowed, but in no event
shall the same apply to split payment of taxes." (Under-
scoring ours)

You wish to be advised of the effect of this underlined
clause upon the right of a taxpayer to a discount on State and County
ad valorem taxes under Subsection (e), Section 3, of the Act, when
the split-payment plan is followed. We think this clause is a
special limitation or restriction upon discounts of taxes generally
afforded by Section 3, Subsection (e), hereinabove quoted, when
paid under the so-called split-payment plan. If this be so, then
it necessarily follows that despite the general language and tenor
of Subsection (e), Section 3 of the Act under consideration, it is
only State ad valorem taxes which fall within the purview of such
subsection, so as to be allowed the discount therein provided when
the split-payment plan is followed. All other tax units and poli-
tical subdivisions, including counties, still have the benefit of
the split-payment plan provided in Article 7336, Vernon's Revised
Civil Statutes of 1936, as amended by the Act involved here, but
they are not entitled to the three (3%) per cent, two (2%) per cent
and one (1%) per cent discount upon the last installment of such
split tax payment if paid ninety (90), sixty (60) or thirty (30)
days, respectively, prior to the first day of July, when they be-
come delinquent under such plan.

This holding and construction is applied to the county
taxes about which you inquire because in Opinion No. 0-980, of date
June 24, 1939, to Hon. B. M. Whitmore, County Auditor, Grayson Co.,
this Department held that the phrase "other governmental subdivisions"
as used in the second sentence of Section 1 of Senate Bill No. 402,
involved here, providing for discount in the prompt payment of ad
valorem taxes, was not intended by the Legislature to be limited in
its application to other governmental subdivisions of a character
similar to those expressly named previously in the Act, but the
term was used in its broader significance so as to include counties
and common school districts.

But we do not mean to say by this opinion that a taxpayer
may pay and a tax collector receive State ad valorem taxes without

county ad valorem taxes, for the purpose of avoiding the discrimination made by the Legislature between the two kinds of taxes in regard to discounts. To allow the payment, under any circumstances, of State ad valorem taxes separately from county ad valorem taxes and other taxes upon the general tax rolls of a county, not within Article 7336e, Revised Civil Statutes, allowing separate payment, would disturb not only your long-standing administrative ruling, promulgated under Article 4344, Revised Civil Statutes, and upheld, in principle, by the case of Struard v. Thompson, 251 S. W. 277, but would be contrary to a recent opinion of this department. The opinion adverted to is No. O-1262, directed to Hon. J. P. Bryan, County Attorney, Brazoria County, Texas, and holding that, under the statutes and decisions, a taxpayer must pay at one and the same time all State and county ad valorem taxes assessed upon the county tax rolls against anyone particular piece of property, and will not be allowed to pay only his State ad valorem taxes on the date fixed by statute for allowance of a discount, and later pay his county ad valorem taxes, on which no discount is allowed by the Commissioners' Court, at the usual taxpaying time in January. A copy of this opinion has been forwarded to you, and this will obviate the necessity of further discussion of this question.

We fully recognize that this leads to the anomalous result of saying that a taxpayer who desires the benefits of the split-payment plan, with discounts, on State ad valorem taxes, by payment thereof within the time and in the manner provided by Article 7336, Vernon's Revised Civil Statutes of 1936, as amended by Senate Bill No. 402, Acts, Regular Session, 46th Legislature, must nevertheless at the same time pay county ad valorem taxes even though he is allowed no discount thereon, but is allowed such discount only as to State taxes. But with the wisdom of this legislation, we have no concern. It is the province of this Department to construe the law as written.

Trusting that the foregoing fully answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED OCT 13, 1939

acting

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB